[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff appears to be attempting to allege three causes of action as against the defendant, all of which are CT Page 995 set forth in a single count. The first paragraph, 19 "respondent superior", is a proper pleading of the legal effect of the relationships between the defendants.
As to the second paragraph, General Statutes § 52-183 sets forth an evidentiary presumption. It is unclear whether the plaintiff claims that General Statutes § 52-183 sets forth a cause of action in and of itself, unrelated to its evidentiary use for the purpose of proving agency. If so, it should be set forth as a separate count. If not, it would be duplicative, redundant, and neither a pleading of fact nor an operative legal conclusion giving rise to a remedy.
As to the third paragraph, 21, the plaintiff appears to claim that "permissive use" gives rise to a separate cause of action, a separate legal conclusion, apparently under some legal theory of liability arising out of bailment or the like. If so, this should be set out as a separate cause of action. If not, it is redundant and unnecessary, as the factual claim is already set out in the incorporated paragraph 4 of the first count.
The request to revise seeks to expunge the operative paragraphs of the second count — 19, 20, 21. As so requested the motion cannot be granted. The second count should be clarified by a further request to revise by requesting to separate claimed causes of action into separate counts, (PB 147(3)) and/or to delete repetitious and immaterial allegations (PB 147(1)).
The request to revise, in the format presented to the court, cannot be granted.
L. Paul Sullivan, J.